# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOMODOU DODOU NJIE, | : |
| Plaintiff | : |
| | : CIVIL NO. 3:CV-08-2263 |
| v. | : |
| | : (Judge Caputo) |
| TROOPER BRIAN J. LIVINGSTON, *ET AL.*, | : |
| Defendants | : |

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Momodou Dodou Njie, an inmate presently confined at the York County Prison, in York, Pennsylvania, initiated this civil rights action on December 18, 2008. The allegations asserted in the Amended Complaint arise from events surrounding a February 2, 2008 traffic stop. Mr. Njie claims defendants violated his Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights due to his illegal search and seizure, false imprisonment, malicious prosecution, abuse of process and illegal arrest. He also alleges a state claim of intentional infliction of emotional distress. Named as defendants are three distinct groups of individuals: (1) Commonwealth Defendants: Trooper Livingston, PSP Trooper Ronk, Trooper Hunt, Trooper Rudy; (2) Pennsylvania Magisterial District Judge Robert Jennings III; and (3) members of the Dauphin County District Attorney's Office: Edward Marsico, Jr., Fran Chardo, and Jenni Allen. (*See* Doc. 36, Amend. Compl.) Presently before the Court is Momodou Njie's Motion for Appointment of Counsel based strictly on his inability to

afford private counsel. (Doc. 10, Mot. for Counsel.) For the reasons that follow, the Court will deny Mr. Njie's present motion without prejudice.

The Third Circuit Court of Appeals has established the criteria for the Court to examine when addressing a request for appointment of counsel. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Initially, "the district court must consider as a threshold matter the merits of the plaintiff's claim." *Tabron*, 6 F.3d at 155. Next, if a claim has arguable merit, "[t]he plaintiff's ability to present his or her claim is, of course, a significant factor that must be considered in determining whether to appoint counsel." *Id*. at 156. "If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to the appointment of counsel . . . and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed." *Id*. Further, under *Tabron*, the district court's decision whether to appoint counsel should be "informed" by a consideration of the following additional factors: the "difficulty of the particular legal issues"; "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation"; whether a case is likely to turn on credibility determinations; whether expert testimony is required; and whether the litigant is capable of retaining counsel on his or her own behalf. *Id*. at 156, 157 n. 5; *see also Montgomery v. Pichak*, 294 F.2d 492, 499 (3d Cir. 2002). Moreover, the *Tabron* court held that the "appointment of counsel . . . may be made at any point in the litigation and may be made by the district court *sua sponte*." *Id*. at 156. Finally, the *Tabron* court acknowledged that "courts have no authority to

-2-

compel counsel to represent an indigent civil litigant," *id*. at 157 n.6, and cautioned against the indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such appointments:

> We also emphasize that volunteer lawyer time is extremely valuable. Hence district courts should not request counsel under § 1915(d) indiscriminately. As the Court of Appeals for the Second Circuit has warned: "Volunteer lawyer time is a precious commodity. . . . Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.

*Id*. at 157.

Applying the relevant *Tabron* factors to Momodou Njie's requests, we find that he has failed to present special circumstances which would justify the appointment of counsel at this time. Aside from his financial status, Mr. Njie does not advise the Court of any additional reasons he cannot adequately represent himself in this matter. Furthermore, the Court notes that also presently pending are the Commonwealth Defendants' and Defendant Jennings' separate Motions to Dismiss the Amended Complaint. (*See* Docs. 40 and 42.) Though Mr. Njie's briefs in opposition to the motions are now long overdue, he has neither made appropriate filings nor requested an extension of time in which to do so.[1] Thus, it is questionable whether the claims raised by Mr. Njie have merit. Furthermore, any concern Mr. Njie may have over his own inexperience as litigator is unnecessary as his pro se

---

[1] The Court, pursuant to M.D. L.R. 7.6, may deem these motions unopposed. *See* M.D. L.R. 7.6.

-3-

pleadings are given a liberal construction by the Court.  See *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Additionally, although indigent, Mr. Njie has not demonstrated that he lacks the capacity to retain pro bono counsel on his own behalf.  For these reasons, the Court will deny Mr. Njie's pending motion for appointment of counsel.  However, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered upon another motion filed by Mr. Njie, or *sua sponte* by the Court.  If Plaintiff initiates such a motion, he must advise the Court of any new facts, information or reasons that demonstrate a change in his situation or ability to move forward on his own with this matter.

**AND NOW, this   2nd   day of September, 2009**, it is ordered that Plaintiff's Motion for Appointment of Counsel (docs. 10) is denied without prejudice.

**/s/ A. Richard Caputo**
**A. RICHARD CAPUTO**
**United States District Judge**